**POWELL TELEPHONE COMPANY,**
Appellant,

v.

**TENNESSEE PUBLIC SERVICE COMMISSION and Frank D. Cochran, Keith Bissell and Jane Eskind, Commissioners,**
Appellees.

Supreme Court of Tennessee.

Nov. 14, 1983.

Rebecca Thomas, Howser, Thomas, Summers, Binkley & Archer, Nashville, Hermann Ivester, H. Edward Skinner, Little Rock, Ark., for appellant.

Henry Walker, Attorney for the Tennessee Public Service Commission, Nashville, for appellees.

OPINION

FONES, Chief Justice.

We granted the Powell Telephone Company's [Company] application for discretionary review that presented a single issue which, in essence, was whether the evidence required the Public Service Commission [Commission] to use a year end rate base rather than the average year rate base in determining the appropriate increase to be awarded.

The Commission held extensive hearings and heard highly disputed testimony and evidence concerning which method to use in determining a proper rate base upon which

the Company should be allowed to earn a fair rate of return. The Company sought an annual increase in revenues of $760,422. The Commission used the average year rate base method, which the Commission staff had advocated, which resulted in approval of an increase designed to yield $484,444 in additional annual revenues. The chancellor found that he must give deference to the Commission's expertise and technical competence in the rate making process and found substantial evidence "for the Public Service Commission's decision on rate of return on equity" and affirmed the Commission's order. The Court of Appeals affirmed the chancellor's decree. We also affirm.

The issue of whether and under what circumstances a regulatory commission should use an average rate base or a year end rate base has been frequently litigated in our sister states but the issue has not been addressed in any reported decision of Tennessee courts. *See, Legislative Util. Consumers' Council v. Granite State Elec. Co.,* 119 N.H. 359, 402 A.2d 644 (1979); *Citizens of Florida v. Hawkins,* 356 So.2d 254 (Fla.1978); *Providence Gas Co. v. Burman,* 376 A.2d 687 (R.I.1977); *Pub. Serv. Com'n. of Maryland v. Baltimore Gas & Elec. Co.,* 273 Md. 357, 329 A.2d 691 (1974).

The weight of authority appears to favor use of an average rate base on the premise that in normal economic times average rate base is more realistic and projects more accurately the cost of plant that produces the revenue under investigation. However, there is well recognized authority that in an abnormal and less stable economic climate, year end rate base may be more appropriate and should be used to balance out the financial problems caused by an abnormal and uncertain economy.

The Tennessee Public Service Commission has utilized both accounting methods in determining rate base. According to the Commission one of the key factors in choosing one method over another is a company's rate of return. The ratio of the company's net income to its rate base provides its rate of return. The Commission contends that

when a company's return on investment is relatively stable the average rate base method is used. Conversely, when a company is experiencing extraordinary growth which outstrips growth in revenues, then an end of year rate base method is used.

In this case both the Commission staff and the Company used as the test period the calendar year 1979. The use of the average investment over the test year assumes that, even though the actual figures for expenses and revenues will rise in the future, the relationship between investment and income will not change significantly.

The Company concedes that the average rate base method may be appropriate during times of stable prices, wages and investment but asserts that it is "clearly inadequate when the utility faces the ravages of inflation."

Suffice it to say there was an abundance of evidence and argument presented to the Commission by the Company in support of its position that the year end rate base should be used in this case and the Commission staff presented an abundance of evidence and argument in support of the use of the average rate base.

The Commission decided that the average rate base developed by the staff presented a proper and accurate indication of the results of operations to be expected in the immediate future of the Company, and set rates accordingly.

Appellant relies heavily upon language from an unpublished opinion and order denying certiorari in *South Central Bell Telephone Co. v. Tenn. Pub. Serv. Comm'n,* 579 S.W.2d 429 (Tenn.App.1979), cert. den. The statement relied upon is:

> We do not construe the opinion of the Court of Appeals as mandating the use of a forecast year test period, but merely as requiring that the Commission take into consideration not only all known changes but also all that are fairly and reasonably anticipated, with due consideration to past expenditures and those required to permit the Company to render efficient service.

The Company asserts that the above statement mandated the use of the year end rate base method because the difference between the Company's 12–31–79 rate base and its average 1979 rate base is a known and measurable change in investment.

The Company makes no reference to the paragraph in that order immediately following the above-quoted statement, which paragraph reads as follows:

Moreover, it rests within the sound discretion to use an historical test period, a forecast period, a combination of these where necessary or any other accepted method of rate making necessary to give a fair rate of return—the ultimate goal being to assure efficient service to the consumer and a fair return on its investment to the company.

We find it unnecessary to analyze what this Court said in denying certiorari in *South Central Bell Telephone Co. v. Tenn. Pub. Serv. Comm'n., supra,* in the context of the Court of Appeals' opinion in that case. The controlling exposition of the law applicable to the instant case was set forth in the later case of *CF Industries v. Tenn. Pub. Serv. Comm.,* 599 S.W.2d 536 (Tenn. 1980). Therein, the Court clearly negated the idea that the Commission is bound to follow any particular rate making methodology.

There is no statutory nor decisional law that specifies any particular approach that must be followed by the Commission. Fundamentally, the establishment of just and reasonable rates is a value judgment to be made by the Commission in the exercise of its sound regulatory judgment and discretion. *Id.* at 542.

The Court also held that the scope of review was governed by T.C.A. § 4–5–117, now T.C.A. § 4–5–322, which restricts reversal or modification to those cases where the reviewing court finds that the Commission's decision is

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record. In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

We find that the Commission's use of the average year rate base was supported by ample material and substantial evidence and involved no abuse of discretion.

The judgment and opinion of the Court of Appeals is affirmed. Costs are adjudged against Powell Telephone Company.

BROCK, HARBISON and DROWOTA, JJ., and HUMPHREYS, Special Justice, concur.