**UNITED CITIES GAS COMPANY, Appellee,**

v.

**TENNESSEE PUBLIC SERVICE COMMISSION, Appellant.**

Supreme Court of Tennessee, at Nashville.

April 23, 1990.

Henry Walker, Nashville, for appellant.

James L. Bomar, Jr., Jack M. Irion, Bomar, Shofner, Irion & Rambo, Shelbyville, for appellee.

OPINION

O'BRIEN, Justice.

These proceedings were initiated by a petition before the Tennessee Public Service Commission (Docket No. U–84–7333), for a rate increase by United Cities Gas Company, an investor owned utility, distributing gas in a number of Tennessee communities including Shelbyville, Columbia, Murfreesboro, Maryville, Alcoa, Morristown, Bristol, Union City, Franklin, and their environs. The Company is regulated by the Tennessee Public Service Commission pursuant to T.C.A. § 65–4–101, et seq.

In 1983 the Company purchased the City Gas System of Franklin, Tennessee for $1.4 million. In an order issued 30 November 1983 the Public Service Commission approved the sale with the express reservation that "any issue relating to future cost of service or inclusions in rate base shall be reserved and considered by the Commission in any future rate case filed by United Cities."

On 14 December 1984 the Company filed a petition for a rate increase to produce additional annual revenue in excess of $5,000,000. In an extensive order based on comprehensive findings of fact and conclusions of law the Commission ruled that the Company was entitled to additional annual revenue of approximately $2,500,000. This reduced amount was based in part on the Commission's determination of the value of

the Franklin City Gas System on the date of its purchase. They based this determination at "book value" which was defined as original cost less depreciation. Approximately three (3) pages of the order were devoted to the testimony of Robert Crenshaw who stated that in 1972 the Federal Revenue Sharing Act required the Tennessee Comptroller's Office to assume responsibility for the accounting and administering of municipal funds. Under guidelines laid down by the Comptroller's office he was hired by the City of Franklin to determine, among other things, the book value of the gas system. This entailed converting the accounting system to an accrual basis, arriving at a value for the fixed assets, either by their initial cost or by estimates, to establish the accumulated depreciation and fix the book value as of 1973. Book value was determined to be $700,000.

The Company filed a petition for reconsideration specifically requesting that it be allowed to recover from rate payers, prorated over a period of 8.75 years, the excess amount that the utility paid to buy the Franklin City Gas System over the original cost figure adopted by the Commission as the book value of the property at the time of its purchase by United Cities. The Commission denied the petition and reaffirmed their prior decision.

A petition for review was filed in the Chancery Court of Davidson County in accordance with the provisions of T.C.A. § 4–5–322. That court reviewed the record and the testimony presented before the Commission relative to the purchase of the Franklin City Gas System and found there was substantial and material evidence in support of the Commission decision to deny the rate increase. This judgment was appealed to the Court of Appeals and was dismissed on appellant's application on 29 October 1986. In the interval, on 21 August 1986 the Company filed a new petition with the Public Service Commission requesting another rate increase, based in part on the acquisition cost of the Franklin Gas Company. It was the stated purpose of the Company to persuade the Commission to change their method of establishing

a rate base from the original cost approach and approve a rate based on the acquisition cost of newly acquired assets.

The 21 August 1986 petition (Docket No. U–86–7442), came on to be heard on 10 February 1987 before the Commission. One of the issues presented was the purchase of the Franklin Gas System. The Commission reviewed the prior proceedings and found that the issue was fully litigated both at the prior Commission hearing and in the Davidson County Chancery Court. The 10 June 1985 order and the 11 August 1985 order on the petition for reconsideration were both incorporated into the order rejecting the Company's application. The order reflected that no new evidence or arguments had been presented and both sides relied on the record developed in the previous hearing. It was concluded there was no reason for the Commission to reach a different result in the case. The Commission allowed a rate increase of approximately $2,500,000 based on other facets of the petition. This decision was taken to the Court of Appeals by the Company under the provisions of T.C.A. § 4–5–322, as amended by Public Acts 1986, Ch. 738, § 2.

The Court of Appeals posed the issues before that court to be (1) whether the matter was *res judicata;* (2) if not, whether the Commission's determination of the value of the Franklin Gas System was correct. On the issue of *res judicata* that court concluded that where the Public Service Commission was willing in its discretion, to make a *de novo* review of a matter already presented before it, the application of *res judicata* was wholly inappropriate and the Legislature intended that the petitioner should be protected by a judicial review on the sufficiency of the Commission's decision. On the second issue the court concluded "that the Commission's refusal to allow United Cities to capitalize costs that had been expensed in order to increase the book value of the Franklin Gas System was supported in the record as a whole by substantial and material evidence." They affirmed that part of the Commission's order. They held that the Public Service Commission had failed to

make any findings concerning the proper rate of depreciation for the Franklin Gas Company prior to 1970 and that the Commission's order did not comply with the mandate of T.C.A. § 4–5–314(c) and (d). They remanded the case to the Commission "for the inclusion in its order of the findings and conclusions that support the rate of depreciation that should be applied to the original cost of the Franklin Gas System."

The Court of Appeals recognized that final decisions of State administrative agencies are *res judicata* when the agency action under review is of a judicial nature, citing *United States v. Utah Construction and Mining Company*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), as seminal authority. They took the view that the Tennessee Public Service Commission failed to meet the criteria stated in that case on the basis that it has been declared an administrative board and not a court, and that its power to fix rates is administrative and not judicial. The basic reasoning of the court was that none of the orders of the Public Service Commission in this case were of a final or conclusive nature. They reached this conclusion, as stated in the opinion, on the premise that "Both sides agree that the Commission is not bound by its prior decisions; as the Commission's order of February 13, 1987 put it: 'while an administrative agency is not legally bound by its prior decisions, the Commission should give substantial weight to a recent order which addresses in detail the same facts and legal arguments presented here ...' "

In reference to this issue we find the Commission order to say a great deal more than the Court of Appeals seems to have found. In pertinent part the Commission order reads as follows:

"As explained during the hearing, this issue was fully litigated—both at the Commission and in the Davidson County Chancery Court—during the Company's last rate proceeding in May, 1985. The Commission and the court both held that the stockholders of United Cities, not its rate payers, should pay for the Company's decision to buy the Franklin Gas System at twice its book value. 'The system is just passing from one owner to another—at a 100% profit,' the Commission wrote, 'and the rate payers are being asked to pay the bill.'

The best reasons for reaffirming the agency's decision are found in the written decisions of the Commission and the court which discuss the controversy in detail. We incorporate here both the order of June 10, 1985, and the order upon reconsideration issued August 11, 1985, insofar as those orders addressed the Franklin issue.

No new evidence or arguments have been presented; both sides have relied on the record developed in the previous hearing.... Therefore, there is no reason for this Commission to reach a different result in this case. While an administrative agency is not legally bound by its prior decisions, the Commission should give substantial weight to a recent order which addresses in detail the same facts and legal arguments presented here. Otherwise, there would be no end to litigation and no consistency in regulation.

. . .

The Commission again rejects the Company's argument. ...."

The Court reasoned that "[t]he Public Service Commission heard United Cities argue the valuation of the Franklin System three times—the 1985 hearing, the petition to rehear, and the 1986 hearing. The Commission could have changed its holding at any point, and could do so at any time if United Cities brings the matter before it again. In these circumstances the ruling of the Commission obviously can have no *res judicata* effect, since they are never truly final and conclusive. And even if this were not the case, the Commission in setting rates does not act in a judicial capacity, thus failing to meet the test in *Utah Construction*, supra." [1]

1. The petition for a rate increase was filed on 21 August 1986, heard by the Commission on 21 January, 1987, was considered by the Commission at a public meeting on 10 February 1987,

The court overlooked the fact that each of the orders of the Commission contain all of the indicia of a final order, required by statute. The order of the Commission from which this appeal was taken shows on its opening page that the case was the result of a merger of United Cities Gas Company and Tennessee–Virginia Energy Corporation. A rate petition which had been filed by Tennessee–Virginia prior to the merger had been withdrawn. The record of the proceedings clearly shows that a rate increase in excess of $2,000,000 was granted for various reasons the Commission approved but that insofar as the Franklin Gas System was concerned the application was clearly rejected without the introduction of any evidence.

The lower court took the approach that the Public Service Commission is free to reverse course if public policy demands it. Undoubtedly this is true, however it does not mean that a petitioner before the Commission for a rate increase is not bound by an order of the Commission until such time as new evidence or the public interest warrants a change of policy. The Court takes a similar view of the Commission's reasoning that even if United Cities is not bound by previous Commission orders, it is precluded from violating the prior judgment of the chancery court. They theorize that the result of such a situation would be to allow the Commission to rehear a particular rate case *ad infinitum,* while limiting the regulated utility to only one appeal. This is the precise situation which exists. The Company is bound by the ruling of the Commission until such time as it may be able to muster new evidence to warrant a rate increase. The Commission cannot arbitrarily establish a change of policy or change of rate. It is bound by the provisions of the Administrative Procedures Act and subject to judicial review, in accordance with the strictures of Chapter 5, Title 4 of Tenn.Code Anno., prescribing Administrative Rules and Procedure.

We think the Court of Appeals reached a correct conclusion in stating that the Legislature, in passing the Administrative Procedure Act, intended to provide for judicial review of administrative orders whenever made, ... and a petitioner is entitled to a review of whether the determination meets the standards set out in T.C.A. § 4–5–322(h). When an administrative decision is appealed, the courts are merely determining whether that decision is supported by substantial and material evidence and if or not it exceeds constitutional or statutory limits. The administrative body is and must be free to change its mind and, if there is substantial and material evidence to justify the change, the courts have no reason to overturn the new holding. Those persons, as defined in T.C.A. § 4–5–102(9), who are aggrieved by such a final decision, are entitled to file a petition for review, if it be a decision of the Public Service Commission, to the Middle Division of the Court of Appeals who must conduct the review in accordance with T.C.A. § 4–5–322. See *Public Service Commission v. General Telephone Company, etc.,* 555 S.W.2d 395 (Tenn.1977).

We are of the opinion the Court of Appeals erred in finding that the Public Service Commission considered the evidence *de novo* in the Franklin Gas System case. The record does not support that conclusion. We conclude that the Court erred in remanding the case for further compliance with T.C.A. § 4–5–314. See *Public Service Commission v. General Telephone Company, etc.,* supra; *CF Industries v. Tennessee Public Service Commission,* 599 S.W.2d 536 (Tenn.1980); *Powell Telephone Company v. Tennessee Public Service Commission,* 660 S.W.2d 44 (Tenn.1983).

The judgment of the Court of Appeals is reversed. The final order of the Public Service Commission is affirmed. The case is remanded to that agency for any further proceedings required. The costs are assessed against the appellee, United Cities Gas Company.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.

apparently the order was entered on 13 February 1987.