TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00059-CV






Pacific Employers Insurance Company, Appellant


v.


Twelve Oaks Medical Center, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. D-1-GN-06-000550, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In this suit for judicial review of an agency determination, Pacific Employers
Insurance Company ("Pacific") appeals from an order of the trial court remanding this cause to
the Division of Workers' Compensation. Pacific challenges the remand order on the ground that the
trial court lacked jurisdiction. We conclude the trial court lacked jurisdiction. (1) We vacate the
remand order and dismiss the cause.

 Twelve Oaks Medical Center sought judicial review of a decision issued by the
Texas Department of Insurance, Division of Workers' Compensation in a medical dispute resolution
proceeding. See Tex. Lab. Code Ann. § 413.031(k) (West 2008). Twelve Oaks filed its petition for
judicial review on February 15, 2006, within 30 days of the date the decision was issued as required
by statute. See Tex. Gov't Code Ann. § 2001.176(a) (West 2008). Pacific was served with the
petition on March 9, 2007, almost thirteen months later. In the district court, Pacific took
the position that Twelve Oaks failed to exercise diligence in procuring service of process as a matter
of law, and therefore, that it did not timely perfect its suit for judicial review. (2) The trial court
rejected Pacific's jurisdictional challenges contained in a plea to the jurisdiction and a motion for
summary judgment, and ordered the cause remanded to the Division. Pacific contends that the
district court had no jurisdiction to consider the request for a remand to the Division. Pacific argues
that because Twelve Oaks failed to exercise diligence in procuring service of process, its suit was
not timely filed, depriving the district court of jurisdiction to hear the suit.

 The record contains an order denying Pacific's motion for
summary judgment--which was based on Pacific's argument that the district court lacked
jurisdiction--but there is no order explicitly denying the plea to the jurisdiction. However, a
trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional
attack has implicitly denied the jurisdictional challenge. Thomas v. Long, 207 S.W.3d 334, 339-40
(Tex. 2006). By ruling on the merits of Twelve Oaks's request to remand the cause to the agency,
the trial court necessarily denied Pacific's plea to the jurisdiction as well as its motion for
summary judgment. Id. The issue before us, therefore, is whether the trial court erred in denying
Pacific's plea to the jurisdiction. We review the denial of a plea to the jurisdiction under a de novo
standard. Texas Dep't of Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).

 In this case, Pacific's plea to the jurisdiction challenged the existence of a
jurisdictional fact--that is, whether Twelve Oaks exercised diligence in serving Pacific. Once the
defendant affirmatively shows that service of process was effected after expiration of the relevant
filing period, as Pacific did, the burden shifts to the plaintiff to present evidence to "explain the
delay." Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990). The plaintiff must
present evidence that it exercised the diligence to procure service that an ordinary prudent person
would have used under the same or similar circumstances. See Tate v. Beal, 119 S.W.3d 378
(Tex. App.--Fort Worth 2003, pet. denied); Hodge v. Smith, 856 S.W.2d 212, 215
(Tex. App.--Houston [1st Dist.] 1993, writ denied). If the plaintiff's explanation for the delay
raises a material fact issue concerning the diligence of service efforts, the burden shifts back to
the defendant to conclusively demonstrate why the explanation is insufficient. Proulx v. Wells,
235 S.W.3d 213, 216 (Tex. 2007). In some instances, the plaintiff's explanation may be legally
improper to raise the diligence issue, and the defendant will bear no burden at all. See id. (citing
Brown v. Shores, 77 S.W.3d 884, 890 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (Brister, C.J.,
concurring)). In others, the plaintiff's explanation of its service efforts may demonstrate a lack of
due diligence as a matter of law, as when one or more lapses between service efforts are unexplained
or patently unreasonable. See, e.g., Gant v. DeLeon, 789 S.W.2d 259, 260 (Tex. 1990).

 In the present case, the explanation Twelve Oaks offered for its delay in serving
Pacific was, in essence, that it was awaiting the outcome of other litigation involving similar
legal questions that could affect the merits of its suit for judicial review. Twelve Oaks offered no
other explanation for the thirteen-month delay in procuring service and presented no evidence
regarding its attempts, if any, to effect service during that time period. Although a plaintiff may have
good reasons for not wanting to seek immediate service on a defendant, those reasons do not negate
the requirement that diligence be used in attempting service once the relevant filing period has
passed. See Broom v. MacMaster, 992 S.W.2d 659, 665 (Tex. App.--Dallas 1999, no pet.)
(plaintiff's desire to obtain remand from federal court did not justify delay in serving defendant). 
Once the time for filing suit has passed, a plaintiff must use due diligence to procure service
regardless of any reasons he may have for not wanting to commence the lawsuit right away. The
explanation given by Twelve Oaks does not raise a fact issue regarding diligence in seeking to
serve Pacific. See Proulx, 235 S.W.3d at 216. The record contains no other evidence creating a
fact issue with regard to diligence. Pacific met its burden of establishing that Twelve Oaks failed
to exercise diligence in serving its suit for judicial review once the 30-day filing period expired. As
a consequence, Twelve Oaks' petition for judicial review was not timely filed, and the district court
lacked jurisdiction to take any action other than to dismiss the case.


 The trial court lacked jurisdiction over this suit for judicial review. Consequently,
we vacate the remand order and dismiss this cause for want of jurisdiction.



 _____________________________________________

 G. Alan Waldrop

Before Justices Patterson, Pemberton and Waldrop;

 Concurring and Dissenting Opinion by Justice Patterson


Vacated and Dismissed for Want of Jurisdiction


Filed: April 16, 2010
1. The dissent's analysis relies entirely on the proposition that a suit for judicial review under
labor code section 413.031(k) is not a suit against a governmental entity and that, therefore, the
30-day filing deadline in government code section 2001.176 is mandatory but not jurisdictional. 
This proposition directly conflicts with this Court's precedent--a decision the dissenting justice
joined. See HCA Healthcare Corp. v. Texas Dep't of Ins., 303 S.W.3d 345, 352 (Tex. App.--Austin
2009, no pet.) (section 2001.176(a) deadline is jurisdictional for suit brought under labor code
section 413.031). Moreover, this Court's analysis in HCA Healthcare Corp. is not altered by the
Texas Supreme Court's recent decision in In re United States Automobile Association. While the
supreme court did note in that case that prerequisites to suit are jurisdictional requirements in all
suits against a governmental entity, it did not hold that all such prerequisites are not jurisdictional
when the suit is not against a governmental entity. See No. 07-0871, 2010 Tex. LEXIS 282,
at *16-24 (Tex. Mar. 26, 2010).
2. If a party files suit before the filing period expires, but effects service of citation after the
filing period expires, the date of service relates back to the date of filing and the suit is considered
timely filed only if the party exercised diligence in effecting service. Police Serv. Comm'n
v. Gutierrez, 182 S.W.3d 430, 432 (Tex. App.--Austin 2005, no pet.).