# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

## NO. 03-07-00720-CV

**Texas Commission on Environmental Quality, Mark R. Vickery, Executive Director, Concerned Citizens for Red River County, and Edwin R. Stephenson, Appellants // Edwin B. Kelsoe, Cross-Appellant**

**v.**

**Edwin B. Kelsoe, Appellee // Texas Commission on Environmental Quality, Mark R. Vickery, Executive Director, Concerned Citizens for Red River County, and Edwin R. Stephenson, Cross-Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-06-00757, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## O P I N I O N

The opinion and judgment issued on March 11, 2009, are withdrawn and this opinion is substituted in their place.

This case arises out of appellee and cross-appellant Edwin B. Kelsoe's application for a solid-waste landfill permit. After returning Kelsoe's application twice for deficiencies, appellant and cross-appellee Texas Commission on Environmental Quality determined that the application was incomplete and on December 9, 2005, returned Kelsoe's latest revised application. Kelsoe filed a motion to overturn the decision to return the application on January 3, 2006, and that motion was overruled by operation of law on January 23, 2006. Kelsoe filed his original petition

challenging TCEQ's decision on March 2, 2006. TCEQ filed a plea to the jurisdiction, asserting that Kelsoe's petition was filed too late to invoke the trial court's jurisdiction. The trial court determined that Kelsoe was entitled to one more notice of deficiency before the application was returned and that the time to file suit ran from February 2, 2006, which was the date TCEQ informed Kelsoe that it would not review the return of his permit. The trial court therefore reversed TCEQ's determination that the application was incomplete and should be returned and remanded the matter to TCEQ to give Kelsoe one more notice of deficiency. We reverse the trial court's judgment and render judgment dismissing Kelsoe's suit as untimely filed.

## Discussion

An applicant seeking a landfill permit must submit an administratively complete application before it will be submitted for technical review. *See* Tex. Water Code Ann. §§ 5.552-.557 (West 2008); Tex. Health & Safety Code Ann. §§ 361.066, .068 (West 2001). TCEQ's "executive director shall determine when an application is administratively complete." Tex. Water Code Ann. § 5.552(a); *see* Tex. Health & Safety Code Ann. § 361.066(a) ("applicant must submit any portion of an application that the commission determines is necessary to make the application administratively complete").[1] If the application is not amended to be administratively complete, "the application is considered withdrawn, unless there are extenuating circumstances."[2] Tex. Health

---

[1] *See* Tex. Water Code Ann. § 5.551(a) (West 2008) (chapter 5, subchapter M of water code applies to permits issued under chapter 361 of health and safety code).

[2] Once an application is determined to be administratively complete, it is then submitted for public notice and technical review. *See, e.g.*, *id.* §§ 5.552-.557 (West 2008); Tex. Health & Safety Code Ann. § 361.068 (West 2001).

2

& Safety Code Ann. § 361.066(b). A person "affected by a ruling, order, decision, or other act" by

TCEQ may appeal to the district court in Travis County, but the petition must be filed "not later than

the 30th day after the date of the ruling, order, decision, or other act." *Id*. § 361.321(a), (c)

(West 2001); *see* Tex. Water Code Ann. § 5.351 (West 2008) (person affected by "ruling, order,

decision, or other act" by TCEQ may seek judicial review by filing petition "within 30 days after the

effective date of the ruling, order, or decision" or, if appealing "act other than a ruling, order, or

decision," within "30 days after the date [TCEQ] performed the act").

Kelsoe asserts several reasons why the filing of his petition for judicial review is not

affected by or subject to the thirty-day deadline set out in the water and health and safety codes.

First, we consider Kelsoe's argument that his suit was filed under section 5.352 of the water code.

Kelsoe argues that TCEQ's decision to return his application as incomplete was not uncontested or

"final and appealable" and, therefore, he was not bound by the thirty-day deadlines set out in the

water or health and safety code provisions governing judicial review. Kelsoe also argues that

because it was the *executive director*, or, more accurately, his designee, that returned the application

as incomplete, Kelsoe's complaints do not fall within the statutes governing judicial review of

actions by *TCEQ*.[3] Instead, Kelsoe argues, his suit was filed under section 5.352, which allows a

person "affected by the failure of the commission or the executive director to act in a reasonable time

on an application to appropriate water or to perform any other duty with reasonable promptness" to

petition the trial court to compel TCEQ or the executive director to act. Tex. Water Code Ann.

---

[3] A suit against TCEQ *or its executive director* "shall be brought in the name of the commission," Tex. Water Code Ann. § 5.357 (West 2008), thus a suit against the executive director is a suit against TCEQ.

3

§ 5.352 (West 2008). In other words, he contends that because no statute or rule specifically governs an appeal from a finding of incompleteness, his complaints could only have sought mandamus relief under section 5.352 or the common law and are not subject to the thirty-day deadline. We disagree.

Section 5.352 allows a party to seek mandamus relief for TCEQ's or the executive director's *failure to act*. *See id*. However, Kelsoe sought to overturn the executive director's determination of administrative incompleteness, the return of the application, and TCEQ's refusal to overturn the executive director's decisions. Throughout his pleadings and briefs on appeal, Kelsoe complains about the executive director's actions, arguing that the director "lacked authority to act on the application" or that he erred in making his "actual decision." Section 5.352 does not allow for mandamus relief from TCEQ's or the executive director's unfavorable decisions or actions, but from their failure to act at all. *See id*. Although Kelsoe argues that TCEQ's return of his application "is not a 'decision' on an application, it is a refusal to consider it," we disagree and hold that the determination that an application is administratively incomplete and the subsequent return of the application are decisions and actions taken on the application.[4] Thus, Kelsoe's claims do not fall within section 5.352's mandamus provision.[5] Further, because Kelsoe had an adequate remedy

---

[4] The duty or responsibility to submit an application for technical review only arises after an application is determined to be administratively complete. *See id*. §§ 5.552-.557; Tex. Health & Safety Code Ann. § 361.068; *see also Larry Koch, Inc. v. Texas Natural Res. Conservation Comm'n*, 52 S.W.3d 833, 837-38 (Tex. App.—Austin 2001, pet. denied).

[5] Kelsoe's complaints may be read as complaining that TCEQ's decision to allow his motion to overturn to be overruled by operation of law amounted to a failure to act challengeable by mandamus under section 5.352. However, even if we apply the administrative rules in question, which govern motions to overturn or reconsider filed in relation to administratively complete applications, because TCEQ's rules specifically allow for a motion to be overruled by operation of law, *see* 30 Tex. Admin. Code § 50.139(f)(1) (2008), TCEQ cannot be forced by mandamus to affirmatively act on a motion rather than allowing it to be overruled by passage of time.

4

by appeal, a conclusion we discuss below, his complaints were not proper subjects for common-law mandamus relief. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

Neither the water code nor the health and safety code specifically addresses an appeal from the executive director's decision of administrative incompleteness. Kelsoe argues that section 5.351 of the water code and section 361.321 of the health and safety code only apply after a contested case hearing, but the plain language of the statutes does not support that conclusion; the statutes speak of seeking review of any "ruling, order, decision, or other act." He further argues that "if the commission had made the final decision in this case, Kelsoe would have been afforded the contested case hearing on the issue of administrative or technical completeness." However, the water code clearly provides that the decision of administrative completeness is left to the executive director and does not provide for review of that decision by TCEQ. Thus, the director's decision that the application was incomplete was a final, reviewable decision subject to the provisions of sections 5.351 and 361.321.[6] Having reviewed the statutory schemes governing landfill permits and TCEQ

---

Kelsoe also argues that because the administrative code delegates to the executive director the power to act on permits but does not specify whether findings of administrative incompleteness are final and appealable, Kelsoe was entitled to appeal to TCEQ through a motion to overturn and then seek judicial review or mandamus relief in the trial court. *See* Tex. Water Code Ann. § 5.122 (West 2008) (person affected by director's decision "on a matter delegated under this section" may appeal to TCEQ unless action is made "final and appealable by the commission rule that delegates the decision" to the director). However, the director's authority to determine administrative completeness was not delegated by TCEQ through rule or order but rather was statutorily granted by the legislature. *Id.* § 5.552(a). Thus, section 5.122(b) does not apply.

[6] We do not mean to suggest that any decision by the executive director for which the rules do not explicitly provide review may be appealed to the trial court. We can imagine that many, if not most, interim decisions in the permitting process will not "affect" an applicant sufficiently to warrant judicial review. *See* Tex. Health & Safety Code Ann. § 361.321(a) (West 2001); Tex. Water Code Ann. § 5.351(a) (West 2008). However, in this case, when Kelsoe's original application was submitted, the construction of solid-waste facilities was allowed in the area in which he sought to construct a facility. After his application was submitted, the county passed a new ordinance that

5

permitting in general, we hold that an applicant seeking judicial review of the executive director's decision or act of returning an application as administratively incomplete must avail himself of the provisions set out in sections 5.351 of the water code and 361.321 of the health and safety code.

Next, we consider Kelsoe's arguments related to the administrative rules applicable to the TCEQ permitting process.[7] Kelsoe insists that his suit was timely because it was filed within thirty days of February 2, 2006, the date on which TCEQ sent notice that it would not grant Kelsoe's motion to overturn the return of his application. Essentially, he argues that the executive director's decision was not appealable until TCEQ sent notice of its decision on Kelsoe's motion to overturn and, therefore, that Kelsoe's filing of the motion to overturn meant his time to appeal did not begin to run until after TCEQ's notice of its decision on his motion.[8] Kelsoe also asserts that because he contested whether his application was complete, the executive director lacked the authority to act on the application. *See* 30 Tex. Admin. Code § 50.133(a) (2008) (executive director may act on uncontested application). However, the rules Kelsoe cites, largely governing motions to overturn, apply only to applications that are declared to be administratively complete. *See id.* §§ 50.2(a),

---

barred the establishment of new landfills. After Kelsoe's application was rejected, he was no longer grandfathered under the old ordinances and thus could no longer apply to establish a new landfill in the area. Under these facts, the return of Kelsoe's application as administratively incomplete was essentially a final decision that "affected" Kelsoe in a very direct and substantial way that warranted judicial review.

[7] Unless there has been a substantive change in the administrative rules that applied when Kelsoe filed his application, we will refer to the current rules for convenience.

[8] The rules governing the effectiveness of and appeal from an executive director's decision indicate that (1) the decision is final and goes into effect immediately, *see* 30 Tex. Admin. Code § 50.139(d); (2) the deadline for filing a motion to overturn runs from the date of notice of the director's action, *see id.* § 50.139(b); and (3) a motion to overturn is overruled by operation of law if TCEQ does not act on it within forty-five days from the date TCEQ sent notice of the director's action, *see id.* § 50.139(f)(1).

.102(a), .131(b), .55.1(a), 200 (2008). Further, nothing in the statutes or rules makes TCEQ's notice of its decision on a motion to overturn a triggering event for seeking judicial review.

Instead, the rules that apply here are sections 281.3, 281.17, and 281.18, and former section 330.51, which govern the executive director's determination of whether an application is administratively complete. *See id.* §§ 281.3(a), .17(d), .18 (2008), 330.51 (2005).[9] Those rules do not allow for a motion to overturn the director's decision of administrative incompleteness. Thus, Kelsoe's motion to overturn the director's return of his application did not extend the time to seek judicial review. The deadline for filing his petition for judicial review was therefore January 9, 2006, thirty days after the executive director returned Kelsoe's application as incomplete.

Even if we were to allow Kelsoe to rely on the rules governing motions to overturn, rules that explicitly apply only to administratively complete applications, *see id.* §§ 50.2(a), .102(a), .131(b), a motion to overturn must be filed within twenty-three days of the date TCEQ mails notice of the executive director's action. *Id.* § 50.139(b) (West 2008). In this case, the director's letter returning the application was mailed on December 9, 2005, making Kelsoe's motion to overturn due on January 2, 2006. *See id.* (first Monday following twenty-three days after December 9, 2005). Kelsoe's motion, sent to TCEQ by facsimile on January 3, was thus untimely. Furthermore, if we overlook that defect, the motion was denied by operation of law on January 23, 2006, forty-five days

---

[9] Once received by the executive director, a solid-waste permit application is reviewed for administrative completeness. *Id.* § 281.3(a) (2008) (initial review). If the application contains the required information, the executive director or his designee prepares a declaration of administrative completeness. *Id.* § 281.17(d) (2008). If the application is not administratively complete, the director notifies the applicant of the deficiencies and allows the applicant to submit additional information. *Id.* § 281.18 (2008). If the application is not submitted in an administratively complete form by the deadline set by the director, "the application shall be considered withdrawn." *Id.* § 281.18(b). Former section 330.51 set out the information that was required before an application was considered to be administratively complete. *Id.* § 330.51 (2005) (now at *id.* § 330.57 (2008)).

after Kelsoe's application was returned. *See id.* § 50.139(f)(1). Thus, the very latest date by which Kelsoe's petition for judicial review had to be filed was February 22, 2006, thirty days after Kelsoe's motion was overruled by operation of law. We hold that Kelsoe's petition for judicial review, filed March 2, 2006, was untimely.

Finally, we consider Kelsoe's argument that, because he alleged violations of his constitutional due-process rights, he had a right to bring his suit when he did, citing *Continental Casualty Insurance Co. v. Functional Restoration Associates*, 19 S.W.3d 393, 397 (Tex. 2000).

The supreme court has said, "It is well recognized under Texas law that there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right." *Id*. This does not mean, however, that when a statute *does* provide a right to judicial review, a person raising a constitutional claim need not comply with the statute's requirements. *See, e.g.*, *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658-59 (Tex. 2004) ("[d]ue process . . . requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner," but even constitutional claims must be brought within time and procedures set out in statutes allowing for judicial review); *Walter West, P.E. v. Texas Comm'n on Envtl. Quality*, 260 S.W.3d 256, 260-61, 263 (Tex. App.—Austin 2008, pet. denied) (op. on reh'g) ("the APA provides an independent right to judicial review when the agency's enabling act is silent," but because "water code expressly provides a right to judicial review of Commission decisions," parties seeking review of decision under water code must comply with statute governing review, and filing within thirty-day deadline is "statutory prerequisite" for seeking judicial review); *Texas Advocates*

8

*Supporting Kids With Disabilities v. Texas Educ. Agency*, 112 S.W.3d 234, 236, 238-39 (Tex. App.—Austin 2003, no pet.) (legislature did not set deadlines for requesting hearing or seeking judicial review and gave agency authority to "create a statewide program to educate disabled children"; agency did not exceed authority in promulgating rule limiting time to seek judicial review). As in *Walter West*, the water and health and safety codes provided Kelsoe with a procedure for seeking judicial review, imposing a thirty-day deadline for seeking review. *See* 260 S.W.3d at 263 ("both petitions for judicial review were untimely because they were not filed within the thirty-day deadline specified in section 5.351 of the water code" and "appellants' failure to comply with this statutory prerequisite deprived the trial court of jurisdiction to consider appellants' petitions for judicial review").

## Conclusion

Regardless of the merits of Kelsoe's complaints related to the executive director's decision to return the application as incomplete, Kelsoe's petition for judicial review, filed on March 2, 2006, was untimely and did not invoke the trial court's jurisdiction over any of his complaints. *See id*. We reverse the trial court's judgment and render judgment dismissing Kelsoe's suit for lack of jurisdiction.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Reversed and Rendered on Motion for Rehearing

Filed: April 30, 2009