

ACCEPTED
15-25-00111-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/3/2025 12:57 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/3/2025 12:57:31 PM
CHRISTOPHER A. PRINE
Clerk

Alexander J. Lindvall
Assistant City Attorney
Arlington City Attorney's Office
Phone: 817-459-5357
alexander.lindvall@arlingtontx.gov

July 3, 2025

Christopher Prine
Clerk, Texas Fifteenth Court of Appeals
P.O. Box 12852
Austin, Texas 78711

Re:    **Appellee City of Arlington's Response re: Jurisdiction**
        Case Name:    Pecos Housing Finance Corporation et al. v. City of Arlington
        Case No.:      15-25-00111-CV

Mr. Prine:

On June 25, this Court requested Appellants to identify and explain the basis for this Court's jurisdiction over this appeal, and it further welcomed Appellees to file responses as well. On this issue, Appellee City of Arlington echoes and joins all the arguments made by Appellee City of Haltom City in Case No. 15-25-00112-CV but writes separately to emphasize a few points.

In their responses, the Defendant-Appellant Housing Finance Corporations ("Defendant HFCs") argue this Court has jurisdiction for two main reasons.

***First***, the Defendant HFCs claim they are executive-branch State agencies. *Pecos HFC Response Letter* at 3–4. This will likely come as a surprise to Governor Abbott, as housing finance corporations are created by local governments, Tex. Local Gov't Code § 394.002(d), and "all the powers of the corporation are vested" not in the Governor or the executive branch but in a "board of directors . . . all of whom must be residents of the local government," *id.* § 394.021(a). A corporate body that is created, controlled, named after, and governed by a local government sure doesn't feel like an executive-branch State agency—and the Texas Supreme Court's recent decision in *Bumgardner v. Brazos River Auth.*, ___ S.W.3d ___, 2025 WL 1779081 (Tex. June 27, 2025), all but confirms that HFCs are not executive-branch State agencies.[1]

Tellingly, the Defendant HFCs' offer only two sentences of argument on this point. *Pecos HFC Response Letter* at 4. The Defendant HFCs argue that they are "more akin to a state agency than a political subdivision" because there is "no limit to the geographic reach of [their]

---

[1] If HFCs were State agencies, they would also be entitled to Eleventh Amendment sovereign immunity from suit, *see Alden v. Maine*, 527 U.S. 706 (1999), but the Defendant HFCs have never made this argument in any court because the Defendant HFCs do not actually believe they are State agencies.

1

operations." *Id.* But this puts the cart way before the horse: whether there is geographic limit to these HFCs' operations is precisely the legal question presented in these appeals. *See id.* at 2 ("According to Appellees, the Act limits Pecos and other HFCs to operating only within the boundaries of the local governments . . . Appellants assert that HFCs may operate outside the boundaries of their sponsoring governments . . ."). The Defendant HFCs cannot jump ahead, resolve the merits issue in their favor, and then use that conclusion to show that this Court has jurisdiction. This Court must determine its jurisdiction *before* reaching the merits, and there is no good reason to believe this Court has jurisdiction over nonprofit corporations that are created by local governments and governed by the residents of that local government.

**Second,** Pecos HFC argues this Court has jurisdiction because Appellees are asking this Court to declare the Texas HFC Act unconstitutional, Tex. Local Gov't Code §§ 394.001 *et seq. Pecos HFC Response Letter* at 5. This is wrong in at least three respects.

i. To the City of Arlington's knowledge, Appellees have never sought to strike down the HFC Act. Rather, Appellees have simply argued that the Defendant HFCs' interpretation of the HFC Act presents constitutional problems. The Defendant HFCs argue that the HFC Act allows them to tax exempt properties anywhere in the State. In response, Appellees argued that this interpretation would seem to conflict with Article VIII, § 11 of the Texas Constitution, which arguably limits local taxation to local jurisdictions. A passing argument that an opposing party's reading of a statute presents constitutional problems is not enough to confer jurisdiction to this Court.

ii. <u>Appellees cannot possibly be asking for the Court to strike down the HFC Act as unconstitutional because the HFC Act was recently superseded by HB21 and isn't even on the books anymore</u>. Even if Appellees *were* challenging the constitutionality of the HFC Act, that issue is now indisputably moot because the Act was superseded by HB21. There is no statute left to strike down.

iii. Appellee City of Arlington has not made any constitutional arguments or challenged any statute on constitutional grounds. Appellants do not seem to contest this, and they do not explain how this jurisdictional hook catches the City of Arlington. *See Pecos HFC Response Letter* at 5.

\*   \*   \*   \*

"When construing a statute, courts must be mindful that there is a presumption against finding a statutory provision to be jurisdictional," and "that presumption may only be overcome 'by clear legislative intent to the contrary.'" *TJFA, L.P. v. Tex. Comm'n on Environmental Quality*, 368 S.W.3d 727, 731–32 (Tex. App.—Austin 2012) (quoting *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009)).

Here, Appellants have not overcome this presumption against jurisdiction. HFCs are not executive-branch State agencies, as they are created and governed by local governments and local residents who are not subject to statewide elections, and the Texas Supreme Court's recent decision in *Bumgardner v. Brazos River Auth.*, ___ S.W.3d ___, 2025 WL 1779081 (Tex. June 27, 2025), makes clear that HFCs are not executive-branch State agencies subject to this Court's jurisdiction. This appeal, moreover, cannot possibly be challenging the constitutionality of the HFC Act, as the Defendant HFCs claim, because the HFC Act was recently superseded by HB21 and is no longer on the books.

Accordingly, because this Court is "duty-bound to determine, *sua sponte*, whether jurisdiction exists" before accepting this appeal, *see Williams v. Davis*, 628 S.W.3d 946, 952 (Tex. App.—Houston [14th Dist.] 2021), and Appellants have not overcome the presumption against jurisdiction, *see TJFA*, 368 S.W.3d at 731–32, this Court should transfer the Defendant HFCs' appeals to the Second Court of Appeals in Fort Worth, where they belong.

Sincerely,

Alexander J. Lindvall
Assistant City Attorney
City of Arlington Attorney's Office

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 102754124
Filing Code Description: Response
Filing Description: Appellee City of Arlington's Response Letter re: 15th COA's Jurisdiction
Status as of 7/3/2025 1:05 PM CST

Associated Case Party: Pecos Housing Finance Corporation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey MTillotson | | jtillotson@tillotsonlaw.com | 7/3/2025 12:57:31 PM | SENT |
| Kassi Yukevich | | kyukevich@tillotsonlaw.com | 7/3/2025 12:57:31 PM | SENT |
| Amanda Reichek | | areichek@tillotsonlaw.com | 7/3/2025 12:57:31 PM | SENT |
| Blake W.Stribling | | bstribling@chasnoffstribling.com | 7/3/2025 12:57:31 PM | SENT |
| Daniel J.Lecavalier | | dlecavalier@chasnoffstribling.com | 7/3/2025 12:57:31 PM | SENT |

Associated Case Party: City of Arlington, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nena Chima-Tetteh | | nena.chima-tetteh@arlingtontx.gov | 7/3/2025 12:57:31 PM | SENT |
| Joseph N.Nguyen | | joseph.nguyen@arlingtontx.gov | 7/3/2025 12:57:31 PM | SENT |
| Jonathan Moss | | jonathan.moss@arlingtontx.gov | 7/3/2025 12:57:31 PM | SENT |
| Alexander J.Lindvall | | alexander.lindvall@arlingtontx.gov | 7/3/2025 12:57:31 PM | SENT |
| Galen Gatten | | galen.gatten@arlingtontx.gov | 7/3/2025 12:57:31 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kim Decker | | kdecker@chasnoffstribling.com | 7/3/2025 12:57:31 PM | SENT |
| Rachel Feltner | | rfeltner@chasnoffstribling.com | 7/3/2025 12:57:31 PM | SENT |
| Christopher Schluter | | cschluter@chasnoffstribling.com | 7/3/2025 12:57:31 PM | SENT |
| TJP Service | | tillotsonjohnsonpatton@gmail.com | 7/3/2025 12:57:31 PM | SENT |
| Julie Whitson | | jwhitson@chasnoffstribling.com | 7/3/2025 12:57:31 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alexander Lindvall on behalf of Alexander Lindvall
Bar No. 24139409
alexander.lindvall@arlingtontx.gov
Envelope ID: 102754124
Filing Code Description: Response
Filing Description: Appellee City of Arlington's Response Letter re: 15th COA's Jurisdiction
Status as of 7/3/2025 1:05 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Julie Whitson | | jwhitson@chasnoffstribling.com | 7/3/2025 12:57:31 PM | SENT |
| Sean Wallace | | swallace@tillotsonlaw.com | 7/3/2025 12:57:31 PM | SENT |
| Devlin Browne | | dbrowne@tillotsonlaw.com | 7/3/2025 12:57:31 PM | SENT |

Associated Case Party: City of Fort Worth, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen Cumbie | | stephen.cumbie@fortworthtexas.gov | 7/3/2025 12:57:31 PM | SENT |
| Christopher Mosley | | chris.mosley@fortworthtexas.gov | 7/3/2025 12:57:31 PM | SENT |
| Olyn Poole | | olyn.poole@fortworthtexas.gov | 7/3/2025 12:57:31 PM | SENT |