# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-05-00241-CV

Police Civil Service Commission,[1] Appellant

v.

Rafael Gutierrez, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. GN500449, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## O P I N I O N

The Police Civil Service Commission (the Commission) appeals the district court's denial of its plea to the jurisdiction. In this interlocutory appeal, we must determine whether the Commission established that appellee, Rafael Gutierrez, lacked diligence as a matter of law in serving the Commission with citation. We hold that he did not and affirm the district court's denial of the Commission's plea to the jurisdiction.

---

[1] We note that appellant is generally referred to as the Firefighters' and Police Officers' Civil Service Commission for the City of Austin. In addition, the Commission is represented by City of Austin Law Department.

## BACKGROUND

In September 2004, Gutierrez was placed on indefinite suspension by the Austin Police Department (the Department). Gutierrez appealed his suspension to the Commission, and on February 1 and 2, 2005, the Commission held a public hearing. The Commission found the Department's charges against Gutierrez to be true. Consequently, on February 2, the Commission issued its order permanently dismissing Gutierrez from the Department.

On February 11, Gutierrez filed his petition appealing the Commission's order with the district court pursuant to local government code section 143.015. *See* Tex. Loc. Gov't Code Ann. § 143.015(a) (West 1999). Local government code section 143.015 provides:

> (a) If a fire fighter or police officer is dissatisfied with any commission decision, the fire fighter or police officer may file a petition in district court asking that the decision be set aside. The petition must be filed within 10 days after the date the final commission decision:
>
>     (1) is sent to the fire fighter or police officer by certified mail; or
>
>     (2) is personally received by the fire fighter or police officer or by that person's designee.

Tex. Loc. Gov't Code Ann. § 143.015(a)(1)-(2). Gutierrez filed his petition within the statutory ten-day limitations period; however, he did not serve the Commission with citation until after the tenth day.[2] Subsequently, the Commission filed a plea to the jurisdiction with the district court. The Commission asserted that the district court lacked subject-matter jurisdiction because Gutierrez's

---

[2] Gutierrez served the Commission on March 24, 2005; he did, however, fax a copy of the petition to the Commission and the city attorney's office on February 11—the same day he filed it with the district court.

failure to exercise diligence in serving the Commission with citation rendered his filing ineffective as a matter of law. The district court denied the Commission's plea to the jurisdiction. This interlocutory appeal followed.

## STANDARD OF REVIEW

We review the district court's determination of subject-matter jurisdiction, including its construction of pertinent statutes, *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). To prevail on a plea to the jurisdiction, the defendant must show an incurable jurisdictional defect apparent from the face of the pleadings, making it impossible for any amendment of the plaintiff's petition to confer jurisdiction on the trial court. *Bybee v. Fireman's Fund Ins. Co.*, 331 S.W.2d 910, 914 (Tex. 1960); *City of San Angelo v. Smith*, 69 S.W.3d 303, 305 (Tex. App.—Austin 2002, pet. denied). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

## DISCUSSION

Local government code section 143.015 sets forth a filing deadline for appealing a Commission decision to district court. *See* Tex. Loc. Gov't Code Ann. § 143.015. It does not explicitly state that service of citation must be effectuated before the filing deadline expires. *Id*. Nevertheless, the Commission argues that Gutierrez did not properly file his petition before the ten-day deadline because the record establishes as a matter of law that he did not exercise due diligence in serving the Commission with citation. Accordingly, the Commission suggests that the district court was deprived of subject-matter jurisdiction pursuant to section 143.015. We disagree.

3

In order to properly bring a lawsuit, a plaintiff must both file the suit and perfect service of citation within the applicable limitations period. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990) (stating that mere filing of suit will not interrupt running of limitations); *Riston v. Doe*, 161 S.W.3d 525, 530 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). However, if a plaintiff files suit before the limitations period expires, but effects service of citation after the limitations period expires, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Gant v. Deleon*, 786 S.W.2d 259, 260 (Tex. 1990). The standard of due diligence is the diligence an ordinarily prudent person would use under the same or similar circumstances. *James v. Gruma Corp.*, 129 S.W.3d 755, 759 (Tex. App.—Fort Worth 2004, pet. denied). Whether a plaintiff was diligent in serving the defendant is normally a question of fact, but if no excuse is offered for a delay or if the lapse of time coupled with the plaintiff's acts conclusively negate diligence, lack of diligence will be found as a matter of law. *Id.* at 759-60. Any unexplained delay in effecting service constitutes a lack of diligence. *See Parsons v. Turley*, 109 S.W.3d 804, 808 (Tex. App.—Dallas 2003, pet. denied); *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

Here, Gutierrez effected service of citation after the limitations period had expired. Thus, we must determine if the record contains evidence establishing as a matter of law that Gutierrez did not exercise due diligence in procuring the issuance and service of citation. *See Parsons*, 109 S.W.3d at 808; *Taylor*, 4 S.W.3d at 65. The record indicates that on February 11, one day before the expiration of the statutory limitations period, Gutierrez filed his petition with the district court and faxed a copy to the Commission and the City Attorney's office. The record also includes an affidavit from Anne Morgan, Chief of the Litigation Division for the City of Austin Law

4

Department, stating that on February 28 she received a call from Gutierrez's attorney, William Kolb, asking whether service of citation was still required or if the requirement had been waived. Morgan informed Kolb that the Commission would insist on service. Finally, the record includes a copy of the citation issued by the Travis County District Clerk on March 18. The citation was served on March 24.

The record confirms that the Commission received a copy of the petition on the day that it was filed. Moreover, once Kolb was informed that service of citation would not be waived, the Commission was served with citation in less than a month. Accordingly, we hold that the pleadings and evidence included in this record do not establish as a matter of law that Gutierrez failed to exercise diligence in procuring the issuance and service of citation.

## CONCLUSION

We affirm the district court's order denying the Commission's plea to the jurisdiction.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Affirmed

Filed: December 22, 2005