# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00059-CV

**Pacific Employers Insurance Company, Appellant**

**v.**

**Twelve Oaks Medical Center, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. D-1-GN-06-000550, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this suit for judicial review of an agency determination, Pacific Employers Insurance Company ("Pacific") appeals from an order of the trial court remanding this cause to the Division of Workers' Compensation. Pacific challenges the remand order on the ground that the trial court lacked jurisdiction. We conclude the trial court lacked jurisdiction.[1] We vacate the remand order and dismiss the cause.

---

[1] The dissent's analysis relies entirely on the proposition that a suit for judicial review under labor code section 413.031(k) is not a suit against a governmental entity and that, therefore, the 30-day filing deadline in government code section 2001.176 is mandatory but not jurisdictional. This proposition directly conflicts with this Court's precedent—a decision the dissenting justice joined. *See HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) (section 2001.176(a) deadline is jurisdictional for suit brought under labor code section 413.031). Moreover, this Court's analysis in *HCA Healthcare Corp.* is not altered by the Texas Supreme Court's recent decision in *In re United States Automobile Association*. While the supreme court did note in that case that prerequisites to suit are jurisdictional requirements in all suits against a governmental entity, it did *not* hold that all such prerequisites are not jurisdictional when the suit is not against a governmental entity. *See* No. 07-0871, 2010 Tex. LEXIS 282, at *16-24 (Tex. Mar. 26, 2010).

Twelve Oaks Medical Center sought judicial review of a decision issued by the Texas Department of Insurance, Division of Workers' Compensation in a medical dispute resolution proceeding. *See* Tex. Lab. Code Ann. § 413.031(k) (West 2008). Twelve Oaks filed its petition for judicial review on February 15, 2006, within 30 days of the date the decision was issued as required by statute. *See* Tex. Gov't Code Ann. § 2001.176(a) (West 2008). Pacific was served with the petition on March 9, 2007, almost thirteen months later. In the district court, Pacific took the position that Twelve Oaks failed to exercise diligence in procuring service of process as a matter of law, and therefore, that it did not timely perfect its suit for judicial review.[2] The trial court rejected Pacific's jurisdictional challenges contained in a plea to the jurisdiction and a motion for summary judgment, and ordered the cause remanded to the Division. Pacific contends that the district court had no jurisdiction to consider the request for a remand to the Division. Pacific argues that because Twelve Oaks failed to exercise diligence in procuring service of process, its suit was not timely filed, depriving the district court of jurisdiction to hear the suit.

The record contains an order denying Pacific's motion for summary judgment—which was based on Pacific's argument that the district court lacked jurisdiction—but there is no order explicitly denying the plea to the jurisdiction. However, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge. *Thomas v. Long*, 207 S.W.3d 334, 339-40

---

[2] If a party files suit before the filing period expires, but effects service of citation after the filing period expires, the date of service relates back to the date of filing and the suit is considered timely filed only if the party exercised diligence in effecting service. *Police Serv. Comm'n v. Gutierrez*, 182 S.W.3d 430, 432 (Tex. App.—Austin 2005, no pet.).

(Tex. 2006). By ruling on the merits of Twelve Oaks's request to remand the cause to the agency, the trial court necessarily denied Pacific's plea to the jurisdiction as well as its motion for summary judgment. *Id.* The issue before us, therefore, is whether the trial court erred in denying Pacific's plea to the jurisdiction. We review the denial of a plea to the jurisdiction under a de novo standard. *Texas Dep't of Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

In this case, Pacific's plea to the jurisdiction challenged the existence of a jurisdictional fact—that is, whether Twelve Oaks exercised diligence in serving Pacific. Once the defendant affirmatively shows that service of process was effected after expiration of the relevant filing period, as Pacific did, the burden shifts to the plaintiff to present evidence to "explain the delay." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990). The plaintiff must present evidence that it exercised the diligence to procure service that an ordinary prudent person would have used under the same or similar circumstances. *See Tate v. Beal*, 119 S.W.3d 378 (Tex. App.—Fort Worth 2003, pet. denied); *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.] 1993, writ denied). If the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively demonstrate why the explanation is insufficient. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). In some instances, the plaintiff's explanation may be legally improper to raise the diligence issue, and the defendant will bear no burden at all. *See id.* (citing *Brown v. Shores*, 77 S.W.3d 884, 890 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (Brister, C.J., concurring)). In others, the plaintiff's explanation of its service efforts may demonstrate a lack of

3

due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable. *See, e.g.*, *Gant v. DeLeon*, 789 S.W.2d 259, 260 (Tex. 1990).

In the present case, the explanation Twelve Oaks offered for its delay in serving Pacific was, in essence, that it was awaiting the outcome of other litigation involving similar legal questions that could affect the merits of its suit for judicial review. Twelve Oaks offered no other explanation for the thirteen-month delay in procuring service and presented no evidence regarding its attempts, if any, to effect service during that time period. Although a plaintiff may have good reasons for not wanting to seek immediate service on a defendant, those reasons do not negate the requirement that diligence be used in attempting service once the relevant filing period has passed. *See Broom v. MacMaster*, 992 S.W.2d 659, 665 (Tex. App.—Dallas 1999, no pet.) (plaintiff's desire to obtain remand from federal court did not justify delay in serving defendant). Once the time for filing suit has passed, a plaintiff must use due diligence to procure service regardless of any reasons he may have for not wanting to commence the lawsuit right away. The explanation given by Twelve Oaks does not raise a fact issue regarding diligence in seeking to serve Pacific. *See Proulx*, 235 S.W.3d at 216. The record contains no other evidence creating a fact issue with regard to diligence. Pacific met its burden of establishing that Twelve Oaks failed to exercise diligence in serving its suit for judicial review once the 30-day filing period expired. As a consequence, Twelve Oaks' petition for judicial review was not timely filed, and the district court lacked jurisdiction to take any action other than to dismiss the case.

The trial court lacked jurisdiction over this suit for judicial review. Consequently, we vacate the remand order and dismiss this cause for want of jurisdiction.


_____

G. Alan Waldrop

Before Justices Patterson, Pemberton and Waldrop;
    Concurring and Dissenting Opinion by Justice Patterson

Vacated and Dismissed for Want of Jurisdiction

Filed:   April 16, 2010