# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00677-CV

**TJFA, L.P., Appellant**

**v.**

**Texas Commission on Environmental Quality and
BFI Waste Systems of North America, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. D-1-GN-09-004062, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

TJFA, L.P. ("TJFA") sought judicial review of a decision made by the Texas Commission on Environmental Quality (the "Commission") that granted an application to expand a landfill and that required TJFA to pay half of the transcript fees associated with the hearing addressing the application. Although TJFA filed its suit within the statutory deadline, it did not execute service of citation until after the deadline listed in the health and safety code. *See* Tex. Health & Safety Code Ann. § 361.321(c) (West 2010). For that reason, the Commission filed a joint plea to the jurisdiction and motion to dismiss. After a hearing, the district court dismissed the suit by granting the plea and, alternatively, dismissed the suit for failure to comply with a mandatory statutory directive. The district court also ordered TJFA to pay the transcript fees imposed by the Commission. We will affirm en banc the district court's dismissal of the suit for failure to comply

with a mandatory statutory provision. *See* Tex. R. App. P. 41.2 (allowing appellate court to decide to consider case en banc).

## BACKGROUND

BFI Waste Systems of North America, Inc. ("BFI") sought to expand its municipal-solid-waste-landfill permit for a landfill on the east side of Austin, Texas. TJFA owned land near the landfill and opposed the expansion suggested by BFI. After a hearing, the Commission approved the proposed expansion and issued an order granting the application for expansion. In its order, the Commission also ordered BFI and TJFA to each pay one-half of the $13,128.85 in transcript fees ($6,564.42 each) generated as a result of the hearing before the Commission.

Shortly after the Commission made its determination, TJFA filed a suit for judicial review of the Commission's decision. *See* Tex. Health & Safety Code Ann. § 361.321(c) (explaining that to appeal administrative determination, affected party must file petition within 30 days of Commission's decision). Because it was contesting the Commission's determination, TJFA did not pay its portion of the transcript fees, and BFI paid the full amount. On the day that it filed suit, TJFA gave the Commission a copy of the petition, but TJFA did not execute service of citation on the Commission until 41 days after it filed suit. Under the governing statutory provision, "[s]ervice of citation must be accomplished not later than the 30th day after the date on which the petition is filed." *Id.*

After being served, the Commission filed a joint plea to the jurisdiction and motion to dismiss. In the filing, the Commission asserted that because TJFA did not comply with the 30-day deadline for service of citation, the district court did not have subject-matter jurisdiction

2

over the case. Alternatively, the Commission contended that the suit should be dismissed because TJFA failed to comply with a statutory requirement. After the Commission requested that the case be dismissed, BFI intervened in the case and filed a counterclaim against TJFA for the transcript fees that the Commission ordered TJFA to pay.

In response to the Commission's filing, the district court scheduled a hearing. After the hearing, the district court dismissed the suit. In particular, the district court found that the 30-day deadline for executing service of citation was a jurisdictional prerequisite to suit. Alternatively, the district court determined that the 30-day statutory deadline was "mandatory, not directory." Further, the district court determined that TJFA had not complied with the deadline because the Commission "was not served with citation until 41 days after the suit was filed." Accordingly, the district court dismissed TJFA's suit. In addition, the district court ordered TJFA to reimburse BFI for half of the transcript fees from the administrative hearing ($6,564.42).

After the district court made its ruling, TJFA appealed the district court's dismissal.

## STANDARD OF REVIEW

A party to a case may assert that a trial court is without jurisdiction to consider the case by filing a plea to the jurisdiction. *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). In cases in which a governmental unit has filed a plea to the jurisdiction, a party to the case may appeal the grant or the denial of the plea. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008 & Supp. 2011); *see also id.* § 101.001(3) (West 2011 & Supp. 2011) (defining "governmental unit"). On appeal, we review de novo the trial court's grant or denial of the plea. *Ferrell*, 248 S.W.3d at 156.

3

Moreover, the issues asserted by TJFA involve statutory construction, which is a legal question that we review de novo. *See MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 501 n.30 (Tex. 2010); *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002); *USA Waste Servs. of Houston, Inc. v. Strayhorn*, 150 S.W.3d 491, 494 (Tex. App.—Austin 2004, pet. denied). In construing a statute, we must ascertain the legislature's intent in enacting the statute. *Fleming Foods of Tex. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). In making this determination, courts should look to the plain meaning of the words used in the statute. *See Fireman's Fund County Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768-69 (Tex. 2000). We presume that every word was deliberately chosen and that excluded words were left out on purpose. *USA Waste Servs.*, 150 S.W.3d at 494. When determining legislative intent, the entire act, not isolated portions, must be considered. *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998). We may also consider the "object sought to be attained" by enacting the statute and the "consequences of a particular construction." Tex. Gov't Code Ann. § 311.023 (West 2005); *see City of Austin v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002).

## DISCUSSION

On appeal, TJFA challenges the district court's alternative bases for dismissing the suit. First, TJFA contends that the district court erred when it determined that the service-of-citation requirement found in section 361.321 of the health and safety code is a jurisdictional prerequisite to suit. Accordingly, TJFA argues that its failure to execute service within 30 days did not deprive the district court of jurisdiction and that the district court therefore erred by granting the Commission's plea to the jurisdiction. Second, TJFA attacks the district court's alternative

4

determination that the case be dismissed because the service requirement is mandatory. Instead, TJFA insists that the provision is merely directory and that its failure to comply with the requirement should be excused because it diligently attempted to execute service. For these reasons, TJFA argues that the district court erred by dismissing the suit and by ordering TJFA to pay half of the transcript fees.

*Dismissal for Lack of Subject Matter Jurisdiction*

As described above, TJFA's first issue challenges the district court's grant of the Commission's plea to the jurisdiction and dismissal of the case for lack of subject-matter jurisdiction. When supporting the district court's jurisdictional determination, the Commission notes that the legislature has expressly limited the circumstances in which a statute should be construed as a waiver of sovereign immunity. *See* Tex. Gov't Code Ann. § 311.034 (West Supp. 2011). Moreover, the Commission also notes that the legislature has determined that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." *Id.* In light of that determination, the Commission argues that timely execution of service of citation is a statutory prerequisite for waiving sovereign immunity under subsection 361.321(c) of the health and safety code. *See* Tex. Health & Safety Code Ann. § 361.321(c). Accordingly, the Commission contends that because TJFA failed to execute service within the statutory deadline, the district court did not have subject-matter jurisdiction over the claim.

For the reasons that follow, we disagree with the Commission. This Court has previously explained what qualifies as a statutory prerequisite to suit. *See Scott v. Presidio Indep. Sch. Dist.*, 266 S.W.3d 531, 535, 537 (Tex. App.—Austin 2008) (op. on reh'g) (concluding that

5

requirement that all parties agree to allow suit to occur in Travis County before suit is filed is statutory prerequisite to suit and, therefore, jurisdictional), *rev'd on other grounds*, 309 S.W.3d 927 (Tex. 2010) (reversing appellate court's determination that Commissioner of Education was required to give consent to suit being filed in Travis County). In the context of suits against the State, this Court reasoned that a statutory prerequisite to suit is "a step or condition that must be satisfied before the suit against the state can be filed." *Id.* at 535. That construction is consistent with those of other courts of appeals. *See County of Bexar v. Bruton*, 256 S.W.3d 345, 348 (Tex. App.—San Antonio 2008, no pet.) (stating that common usage of term "[p]rerequisite to suit . . . implies a requirement to be fulfilled *before* suit is filed"); *Dallas County v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.—Dallas 2006, pet. denied) (observing that ordinary meaning of "[a] prerequisite is something that is required beforehand"). In fact, when construing section 311.034 of the government code, the supreme court explicitly distinguished between prerequisites to suit and requirements that may only be accomplished after a suit is filed. *See Roccaforte v. Jefferson County*, 341 S.W.3d 919, 925 (Tex. 2011). In particular, the supreme court determined that section 311.034 does not apply to "notice requirements that can be satisfied only *after* suit is filed." *See id.*; *see also Ballesteros v. Nueces County*, 286 S.W.3d 566, 569-70 (Tex. App.—Corpus Christi 2009, pet. denied) (holding that compliance with post-suit-notice provision is not jurisdictional); *Dallas County v. Coskey*, 247 S.W.3d 753, 754-56 (Tex. App.—Dallas 2008, pet. denied) (concluding that requirement that notice be given thirty days after suit was filed is not statutory prerequisite and, therefore, not jurisdictional). By the very terms of subsection 361.321(c), the 30-day deadline for executing service of process begins *after* the suit has been filed. *See* Tex. Health & Safety Code Ann. § 361.321(c).

When construing a statute, courts must be mindful that there is a presumption against finding a statutory provision to be jurisdictional. *City of Desoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75-76 (Tex. 2000) (overruling line of cases holding that statutory provisions are mandatory and exclusive and endorsing modern trend of reducing vulnerability of final judgments by not characterizing statutory requirements as jurisdictional). Furthermore, that presumption may only be overcome "by clear legislative intent to the contrary." *City of Desoto*, 288 S.W.3d at 394. Nothing in the language of subsection 361.321(c) indicates an intention by the legislature to make service a jurisdictional requirement, *see* Tex. Health & Safety Code Ann. § 361.321(c), and as discussed above, section 311.034 of the government code only makes prerequisites to suit jurisdictional, *see* Tex. Gov't Code Ann. § 311.034. *See also State v. K.E.W.*, 315 S.W.3d 16, 21 (Tex. 2010) (stating that when construing statutes, courts rely on plain meaning of statute unless different meaning is supplied by legislature or is apparent from context or unless construction using plain meaning "leads to absurd results").[1]

---

[1] It is worth noting that this Court previously determined that the service-of-citation requirement in subsection 361.321(c) of the health and safety code was not a jurisdictional requirement. *See Sierra Club v. Texas Natural Res. Conservation Comm'n*, 26 S.W.3d 684, 688 (Tex. App.—Austin 2000), *aff'd on other grounds*, 70 S.W.3d 809 (Tex. 2002). In its brief, the Commission asserts that we should disregard our prior conclusion because that case was decided before the legislature enacted a provision stating that statutory prerequisites to suit were jurisdictional. *See* Tex. Gov't Code Ann. § 311.034(c) (West Supp. 2011). In addition, the Commission points to various portions of the supreme court's opinion affirming our judgment in which the court stated that subsection 361.321(c) "requires 'service of citation' when review is sought in district court," *Texas Natural Res. Comm'n v. Sierra Club*, 70 S.W.3d 809, 813-14 (Tex. 2002) ("*Sierra Club II*"), and in which it characterized the filing and citation requirements in subsection 361.321(c) as "judicial-review prerequisites," *id.* at 812. Moreover, when summarizing our opinion, the supreme court stated that this Court concluded that the failure to meet the service-of-citation "statutory prerequisites is not a defect that affects the court's subject-matter jurisdiction." *Id.* at 811. In addition to highlighting the supreme court's language describing the requirements in

7

In addition, a determination that service is not a jurisdictional requirement is consistent with the manner in which a trial court's jurisdiction is invoked. Under governing case law, filing a petition endows a trial court with subject-matter jurisdiction provided that the case involves a dispute that the trial court has authority to adjudicate. *Hughes v. Atlantic Ref. Co.*, 424 S.W.2d 622, 625 (Tex. 1968); *see In re Alley*, 1 S.W.3d 268, 271 (Tex. App.—Texarkana 1999, orig. proceeding) (explaining that general rule "is that jurisdiction attaches at the time of the filing of a proceeding"); *Gaynier v. Ginsberg*, 763 S.W.2d 461, 463 (Tex. App.—Dallas 1988, no writ) (stating that jurisdiction of court to hear case is established when petition is filed alleging subject matter over which court has jurisdiction). In other words, the authority of the court to act in the matter is properly invoked by filing a petition alleging a claim falling under the jurisdiction of the court. If the petition does not address a dispute falling under the court's jurisdictional umbrella, then the court does not have subject-matter jurisdiction, and the case is subject to dismissal by a plea to the jurisdiction. *See*

---

subsection 361.321(c), the Commission also asserts that the legislature was aware of the supreme court's characterization of the requirements in subsection 361.321(c) and then chose to enact a statute that made all "statutory prerequisites" jurisdictional in nature. Accordingly, the Commission contends that the legal landscape underpinning our conclusion in *Sierra Club* has been altered enough to render that holding inapposite to the current case.

Although section 311.034 of the government code provision was not in effect at the time we made our decision in *Sierra Club*, we believe our conclusion in that case warrants mentioning in the current case. Moreover, although the supreme court may have characterized the service-of-citation requirements as prerequisites, the supreme court made no determination regarding whether those requirements were jurisdictional in nature. Instead, the supreme court concluded that the requirements were met in *Sierra Club II* and, therefore, "did not reach the jurisdictional issue addressed by" this Court. *Id.* at 814-15. Accordingly, the supreme court made no binding determination regarding whether the failure to comply with the service-of-citation requirements in subsection 361.321(c) deprives a trial court of jurisdiction, and its description of the requirements in subsection 361.321(c) is dicta. *See Traveler's Indem. Co. of Ill. v. Fuller*, 892 S.W.2d 848, 852 n.3 (Tex. 1995) (explaining that dicta does not create binding precedent).

8

*State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) (explaining that when plea challenges jurisdiction of court, court reviews petition to determine whether facts pleaded "demonstrate that jurisdiction exists"). Moreover, unlike subject-matter jurisdiction, a defendant may generally waive a defect in service if he chooses. *See Werner v. Colwell*, 909 S.W.2d 866, 869-70 (Tex. 1995); *see also* Tex. R. Civ. P. 121 (stating that answer constitutes "an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him").

In light of the preceding, we conclude that the district court erred when it determined that compliance with the deadline for service of citation was a jurisdictional prerequisite to suit.[2] Given that the legislature chose to create two separate deadlines for filing suit and for executing service and given that the service deadline occurs after a suit has been filed, we believe that execution of service is not a statutory prerequisite to suit and that the failure to timely execute should instead be viewed as similar to a more traditional failure to comply with a statute of limitations. In other words, the defendant may argue that the case should be dismissed for failing to timely execute service, but untimely service is not a jurisdictional defect. Accordingly, we sustain TJFA's first issue on appeal.

---

[2] As support for the district court's jurisdictional determination, the Commission refers to a prior opinion by this Court. *See Pacific Employers Ins. Co. v. Twelve Oaks Med. Ctr.*, No. 03-08-00059-CV, 2010 Tex. App. LEXIS 2771 (Tex. App.—Austin Apr. 16, 2010, no pet.) (mem. op.). In that case, this Court determined that the trial court erred by failing to grant Pacific Employers Insurance Company's plea to the jurisdiction, which asserted that Twelve Oaks Medical Center failed to exercise due diligence in executing service. *Id.* at *3. To the extent that *Pacific Employers* suggests that service of citation is a jurisdictional requirement to suit, we reject that determination.

9

*Dismissal for Failure to Comply with Service Requirement*

As mentioned above, TJFA also challenges the district court's alternative, non-jurisdictional basis for dismissing the suit. In particular, TJFA asserts that the district court erred by concluding that the statutory deadline listed in subsection 361.321(c) is a mandatory provision.[3] To the contrary, TJFA insists that the deadline is merely a directory provision. In other words, TJFA argues that although the statute says that service of citation "must be accomplished not later than the 30th day after the date on which the petition is filed," *see* Tex. Health & Safety Code Ann. § 361.321(c), the provision merely "directs, but does not mandate, performance within the specified time period." Moreover, TJFA asserts that although it did not comply with the 30-day deadline for executing service of citation, *see id.*, it did exercise due diligence in attempting to execute service of citation. Accordingly, TJFA insists that the date that service was executed relates back to the date that the suit was filed. *See Police Civ. Serv. Comm'n v. Gutierrez*, 182 S.W.3d 430, 432 (Tex. App.—Austin 2005, no pet.) (stating that if plaintiff fails to execute service of citation until after limitations period expires, date of service relates back to date of filing provided that plaintiff exercised due "diligence in effecting service").

---

[3] In its brief, TJFA initially suggested that the district court only ruled on the plea to the jurisdiction and did not rule on the motion to dismiss. Accordingly, TJFA asserted that this Court should remand the case to the district court for a hearing on the motion to dismiss if we determine that the district court erred by concluding that compliance with the 30-day deadline was a jurisdictional requirement. However, as discussed above, the district court also determined that there was a nonjurisdictional basis requiring dismissal of TJFA's suit. In particular, the court found that compliance with the 30-day deadline was mandatory. In light of this alternative determination, TJFA later agreed during oral argument that this Court may and, in fact, should, in the interests of judicial economy, consider whether dismissal was proper under the alternative basis.

For determinations regarding whether a statutory requirement is directory or mandatory, there is no "absolute test" that courts may apply. *Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956). In general, statutes that use words like "shall" or "must" are construed as mandatory, *see id.* at 945; *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *see also* Tex. Gov't Code Ann. § 311.016 (West 2005) (explaining that when construing statutes, courts should construe word "must" as creating or recognizing condition precedent), but courts "have, in certain circumstances, construed" those terms as being directory rather than mandatory, *Texas Mut. Ins. Co. v. Vista Cmty. Med. Ctr., L.L.P.*, 275 S.W.3d 538, 552 (Tex. App.—Austin 2008, no pet.); *see Chisholm*, 287 S.W.2d at 945. Statutory provisions that "are included for the purpose of promoting the proper, orderly and prompt conduct of business" are not generally construed as mandatory, *Chisholm*, 287 S.W.2d at 945, particularly when the failure to comply will not prejudice the rights of the interested parties, *see Texas Dep't of Pub. Safety v. Dear*, 999 S.W.2d 148, 152 (Tex. App.—Austin 1999, no pet.) (quoting *State v. Fox*, 133 S.W.2d 987, 990 (Tex. Civ. App.—Austin 1939, writ ref'd)). One factor that may weigh in favor of construing a statute that requires timely action as directory is if the statute does not specify consequences for failing to act by the statutory deadline. *Chisholm*, 287 S.W.2d at 945. Stated differently, "[i]f a provision requires that an act be performed within a certain time without any words restraining the act's performance after that time, the timing provision is usually directory." *Wilkins*, 47 S.W.3d at 495; *see also Dear*, 999 S.W.2d at 152 (explaining that if provision is directory and act is performed but not in time or manner indicated, act will be deemed sufficient provided that act accomplishes substantial purpose of statute). Accordingly, when a statute uses the word "must" to describe a requirement and also

11

includes a penalty for noncompliance, "[t]he word 'must' is given a mandatory meaning." *Wilkins*, 47 S.W.3d at 493. However, the absence of a penalty in the statute for failing to comply with a statutory requirement does not automatically compel a conclusion that a statute stating that an act "must" be accomplished is not mandatory. *See Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 404 (Tex. 2009). Instead, "'[w]hen the statute is silent'" regarding the penalty for noncompliance, courts look to the statute's "'purpose for guidance.'" *Id.* (quoting *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992)); *see Chisholm*, 287 S.W.2d at 945 (stating that when determining whether provision is mandatory or directory, courts should consider "the entire act, its nature and object," and consequences of alternative constructions); *Vista Cmty. Med. Ctr., L.L.P.*, 275 S.W.3d at 552 (same).

With the preceding in mind, we turn to the arguments made by TJFA. TJFA asserts that the 30-day deadline is directory for five reasons. First, TJFA contends that the provision is directory because "it does not bear upon the substance of the judicial review appeal at all" and instead "serves only to ensure that the [Commission] receives prompt notice that the case has been initiated." Second, TFJA argues that the deadline is designed to guarantee "that the case is diligently prosecuted" and, therefore, simply relates to "the proper, orderly and prompt conduct of business." *See Chisholm*, 287 S.W.2d at 945. Third, TJFA notes that the statutory provision has no explicit penalty for failing to comply with the deadline and does not expressly prohibit service of citation after the deadline, *see Bruton*, 256 S.W.3d at 349 (noting that statute requiring notice after suit was filed contained provision authorizing dismissal of appeal if notice was not timely made and if party files motion to dismiss), and argues that if the legislature had intended the service deadline

12

to be a mandatory requirement, it could have specified that failing to comply will result in dismissal as it has in other statutory provisions, *see, e.g.*, Tex. Loc. Gov't Code Ann. § 89.0041 (West 2008). Fourth, TJFA argues that "the lack of service within 30 days did not prejudice" the rights of the Commission because it received actual notice of the lawsuit on the day that it was filed and because service of citation was accomplished within a few days of the deadline.[4] In its final argument, TJFA insists that a conclusion that the 30-day deadline is mandatory would actually frustrate the purpose of the statute because the statutory provision "exists to allow judicial review appeals of administrative agency determinations."

For the reasons that follow, we disagree with TJFA. Although this is not dispositive, we note that the language of the statute at issue is written with mandatory language. In particular, the statute specifies that service of citation "must be accomplished not less than the 30th day after the date on which the petition is filed." Tex. Health & Safety Code Ann. § 361.321(c). Moreover, unlike other statutes in which the legislature has specified a deadline for filing a petition but chosen not to specify a service deadline, *see, e.g.*, Tex. Loc. Gov't Code Ann. § 143.015(a) (West 2008) (specifying deadline for filing suit but providing no deadline for service), the legislature's decision to provide an explicit deadline must be afforded some significance, *see* Tex. Health & Safety Code Ann. § 361.321(c). When the legislature has not provided specific deadlines for service, courts have determined whether service of citation was properly performed in cases in which service was executed after the deadline for filing suit by considering whether the person filing suit exercised due

---

[4] In its judgment, the district court found that the Commission was not prejudiced by the delay in service.

13

diligence in executing service. *See Gutierrez*, 182 S.W.3d at 432-33. By providing an explicit

deadline, the legislature has indicated its intention to foreclose the possibility of excusing delays

between filing and executing service due to diligent efforts at service undertaken by plaintiffs.[5]

---

[5] In its second issue, TJFA also argues that even if the statutory deadline at issue is mandatory, it still complied with the purpose of the statutory provision, which TJFA argues is to ensure the prompt provision of notice to the Commission in order to allow for diligent prosecution of the case. Moreover, TJFA asserts that unlike filing and limitations deadlines, which TJFA concedes must "practically by necessity" be construed strictly, compliance with service is measured by whether the plaintiff acted with due diligence in executing service and whether the defendant was prejudiced by any delay in service. Although TJFA acknowledges that it did not execute service of citation until after the 30-day deadline, it argues that its failure to comply should be excused because it acted with due diligence in its attempts to serve the Commission. Specifically, TJFA asserts that it provided the Commission with a copy of its petition on the day that it filed the petition with the district court. Moreover, it argues that the reason service of citation was not provided earlier was due to its mistaken belief that electronically filing a petition with the district court also effected service of citation and that once it discovered its mistake, it promptly executed service of citation. Accordingly, TJFA urges that the date service was executed should relate back to the date of filing. *See Police Civ. Serv. Comm'n v. Gutierrez*, 182 S.W.3d 430, 432-33 (Tex. App.—Austin 2005, no pet.).

We note that courts consider diligent efforts when determining if a suit may be pursued even though the defendant was not served until after the deadline for filing suit and that courts will excuse a failure to serve before the passage of the deadline if the plaintiff is actively trying to serve the defendant but is having difficulty locating the defendant. Unlike what may occur in suits against non-governmental defendants, plaintiffs should have little difficulty locating and serving the Commission. Accordingly, it is not entirely clear that due diligence considerations should apply here. Regardless, as discussed above, we believe that the legislature's decision to provide an explicit deadline by which service of citation must be executed foreclosed due-diligence considerations and instead imposed an absolute deadline that a party must comply with in order to maintain his suit. Moreover, although TJFA sent a copy of its petition to the Commission and thereby gave the Commission notice of the suit, providing notice is not the same as executing service of citation. *See Sierra Club II*, 70 S.W.3d at 813. Executing service of citation is more formal than merely providing notice, *see* Tex. R. Civ. P. 99-119 (specifying requirements for service); *see also id.* R. 21a (stating that every notice required by rules of civil procedure "other than the citation . . . may be served by delivering a copy to the party to be served"), and is the process by which a party is informed that he has been sued and that he is required to make an appearance "and answer the opposing party's claims," *Sierra Club II*, 70 S.W.3d at 813. Accordingly, we do not believe that TJFA's actions could be deemed as complying with the purpose of the statute.

More importantly, the legislature chose to include the service-of-citation deadline in the same provision explicitly requiring that a petition for judicial review of the Commission's determination be filed within 30 days of the Commission's decision. *See id.* Given the fact that the failure to timely file a petition for judicial review within 30 days of the Commission's decision entirely deprives a trial court of jurisdiction to consider an appeal of the Commission's decision, *see Texas Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 96-98 (Tex. App.—Austin 2009, pet. denied), the legislature's decision to pair both filing deadlines in the same subsection is indicative of the importance that the legislature placed on the service deadline.

Although TJFA correctly points out that the health and safety code provision does not specify any explicit penalty for failing to execute service within the 30-day deadline, the statute does not seem to contemplate judicial review of suits that do not comply with the deadline. *See Wilkins*, 47 S.W.3d at 495 (concluding that statute requiring filing of sworn complaint within time to allow for effective inspection was not mandatory because provision did not expressly require dismissal for failure to comply but also because statute explicitly contemplated that delay in filing may occur but case may proceed; in particular, statute said that Board may make findings regarding delay in filing and that trial court may consider those findings). The governing statute provides no option for extending the deadline or for excusing a failure to comply with the deadline and establishes no procedure for handling suits that do not comply with the deadline. *See Chemical Lime*, 291 S.W.3d at 404. The legislature's decision to not include a provision allowing a party to explain why compliance with the deadline was not achieved is instructive. This seems particularly true in this case in light of the fact that in the very next provision, the legislature afforded parties the

15

ability to explain why their suit should not be dismissed for failure to pursue the claim "with reasonable diligence." *See* Tex. Health & Safety Code Ann. § 361.321(d) (West 2010) (stating that if governmental entity files motion to dismiss for failure to prosecute claim within one year after petition is filed, court will dismiss suit unless plaintiff "can show good and sufficient cause for the delay"). In fact, the only consequence that can be gleaned from the statute is that a suit filed by a party who did not comply with the deadline is subject to dismissal by a trial court. *See id.* at 404 (explaining that although statute was silent regarding noncompliance with application deadline, penalty contemplated by statute was that late applications will not be considered).

Finally, although TJFA correctly points out that the statute is designed to allow for judicial review of determinations made by the Commission, the legislature curtailed this limited waiver of sovereign immunity by requiring that a suit for judicial review be filed within 30 days of a decision by the Commission and that service be executed within 30 days of filing suit. *Cf. Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004) (concluding that right to judicial review under administrative procedure act "provides a limited waiver of sovereign immunity"); *see also id.* at 172 (noting that in absence of agency action affecting vested property right or violating constitutional right, person may only seek judicial review of agency decision if statute provides right to judicial review). By coupling the right to judicial review with a requirement that suits be filed and that service be executed within short deadlines, the legislature has demonstrated its intent to promote the quick resolution of appeals of decisions by the Commission and to promote the finality of the Commission's actions. In light of the preceding and in light of the fact that courts are required to narrowly construe statutory waivers of sovereign

16

immunity, *see Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008), we must reject TJFA's assertion that the service deadline was merely included to promote "the proper, orderly and prompt conduct of business." *Cf. Chemical Lime*, 291 S.W.3d at 403 (explaining that enforcement of deadlines can sometimes lead to harsh results (quoting *United States v. Locke*, 471 U.S. 84, 100-01 (1985))).[6]

For all the reasons previously given, we conclude that the district court properly determined that the 30-day deadline for executing service of process was a mandatory statutory requirement. Accordingly, we must conclude that the district court did not err by dismissing TJFA's suit for failing to comply with a mandatory statutory requirement and overrule TJFA's second issue on appeal.[7]

---

[6] TJFA argues that the deadline set by the legislature will not be unduly undermined by a determination that the statutory deadline is directory and not mandatory because a plaintiff's failure to comply would only be excused if he demonstrated that he exercised due diligence in attempting to execute service. However, it is not entirely clear to this Court that a determination that the deadline is directory would actually impose the limitation suggested by TJFA. In other words, a conclusion that the deadline is not mandatory might allow the service requirement to be deemed as fulfilled even if service was executed well after the petition was filed and regardless of whether the plaintiff diligently attempted to comply. In fact, the deadline might even be considered satisfied provided that the Commission was given notice of the suit even though none of the service-of-citation requirements were ever met. We do not believe that the legislature intended for section 361.321 to be read so broadly.

[7] In a letter brief, TJFA argues that a recent case issued by the supreme court compels a determination that the deadline listed in subsection 361.321(c) is directory and not mandatory. *See Roccaforte v. Jefferson County*, 341 S.W.3d 919 (Tex. 2011). In *Roccaforte*, the supreme court determined that compliance with a statutory provision requiring notice after a suit was filed was not a jurisdictional prerequisite to suit. *Id.* at 925-26. However, the supreme court also determined that the suit was improperly dismissed even though the plaintiff failed to provide notice within the deadline specified by the governing statute. *Id.* at 926-27. Essentially, the supreme court determined that the purpose of the notice provision was satisfied even though the notice was not mailed in accordance with the statutory provision because notice was actually given within the statutory deadline. *Id.* at 926. In light of this case and in light of the fact that TJFA hand-delivered a copy of its petition to the Commission, TJFA insists that it substantially complied with the service provision and that the purpose of the provision was satisfied.

*Transcript Fees*

In its final issue on appeal, TJFA challenges the portion of the district court's judgment granting BFI's counterclaim against TJFA. As mentioned above, the Commission ordered TJFA and BFI to each pay one-half of the costs for the administrative transcript, but TJFA did not cover its portion of the transcript costs ($6,564.42). Accordingly, BFI paid all of the transcript fees. During the appeal of the Commission's decision, BFI sought reimbursement for half of the transcript fees, and the district court ordered TJFA to pay the amount ordered by the Commission.

In challenging this portion of the district court's judgment, TFJA does not challenge the propriety of the Commission's decision to require it to pay part of the transcript costs or the amount of the costs. Instead, TJFA argues that because the district court erred by dismissing the suit, "the granting of BFI's counterclaim must be reversed and the matter remanded . . . to be considered on the merits." In fact, although TJFA couches its concession in terms of its jurisdictional assertions summarized in the first issue, TJFA admits that if its appeal of the dismissal is unsuccessful, "BFI's indemnity claim would by necessity be granted."

As discussed previously, we conclude that the district court did not err by dismissing the suit. In light of our determination, we overrule TJFA's final issue as presented on appeal and

---

We believe that TJFA's reliance on *Roccaforte* is misplaced. That case involved a statute requiring that notice be given, but the statute at issue in this case relates to execution of service. As discussed earlier, providing notice is not equivalent to executing service, and the requirements for executing service are more formal than merely providing notice. *See Sierra Club II*, 70 S.W.3d at 813; *cf. In the Interest of J.T.O.*, No. 04-07-00241-CV, 2008 Tex. App. LEXIS 303, at *2 (Tex. App.—San Antonio Jan. 16, 2008, no pet.) (mem. op.) (explaining that rules relating to service of citation are mandatory and that failure to comply with rules renders service ineffective). Accordingly, actions that might be deemed substantially compliant with a notice provision will not necessarily be sufficient to comply with the requirements of a provision governing service of citation.

18

express no further comment regarding the propriety of the district court's decision enforcing the portion of the Commission's order that required TJFA to pay half of the transcript fees.

## CONCLUSION

We conclude that the 30-day deadline for executing service of citation under section 361.321 of the health and safety code is not a jurisdictional prerequisite to suit but is a mandatory statutory requirement. In addition, we overrule TJFA's third issue regarding the transcript fees. We therefore modify the district court's judgment accordingly and affirm the district court's judgment of dismissal.

_____

David Puryear,  Justice

Before Chief Justice Jones, Justices Puryear, Pemberton, Henson, Rose and Goodwin;
  Concurring and Dissenting Opinion by Justice Henson;
  Concurring Opinion by Justice Rose

Modified and, as Modified, Affirmed

Filed:  May 4, 2012

19