# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00677-CV

**TJFA, L.P., Appellant**

**v.**

**Texas Commission on Environmental Quality and
BFI Waste Systems of North America, Inc., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. D-1-GN-09-004062, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

While I agree that the failure to effectuate service within the deadline for service set forth in subsection 361.321(c) of the health and safety code is not jurisdictional, I disagree with the majority's conclusion that the service deadline is mandatory. *See* Tex. Health & Safety Code Ann. § 361.321(c) (West 2010). Because I would instead conclude that the statutory service deadline is directory and that dismissal is not required when the plaintiff demonstrates that the substantial purpose of the statute is met and the Commission is not prejudiced by the delay, I respectfully dissent.

A statutory provision is directory if it promotes the "proper, orderly, and prompt conduct of business." *Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956). Conversely, courts construe a statutory provision as mandatory when the power or duty to which it relates is for the public good. *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999). As the majority correctly points out, there is no "absolute test" to determine whether a statutory provision is mandatory

or directory. *See Chisholm*, 287 S.W.2d at 945. To determine whether the legislature intended a provision to be mandatory or directory, we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001); *Texas Mut. Ins. Co. v. Vista Cmty. Med. Ctr.*, 275 S.W.3d 538, 552 (Tex. App.—Austin 2008, pet. denied). In light of these considerations, I would conclude that the service deadline set forth in subsection 361.321(c) is directory.

Turning first to the plain meaning of the words used, the statutory provision at issue directs that service "must" be made within thirty days but fails to specify the proper consequences for noncompliance. Thus, the plain language of the provision itself fails to establish that the deadline is mandatory. *See Helena Chem. Co.*, 47 S.W.3d at 493 (noting that word "must" is given mandatory meaning when followed by noncompliance penalty). Generally a provision is treated as directory if it requires that an act be performed within a certain time but does not specify the consequences for noncompliance; however, this conclusion is not automatic. *Chisholm*, 287 S.W.2d at 945; *see Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 404 (Tex. 2009). Therefore, we must examine the nature and object of the statute to determine the legislature's intent. *See Texas Mut. Ins. Co.*, 275 S.W.3d at 552.

As the majority concedes, and I agree, the statute in this case is designed to allow for judicial review of determinations made by the Commission. I also agree that the legislature has simultaneously demonstrated an "intent to promote the quick resolution of appeals of decisions by the Commission and to promote the finality of the Commission's actions." However, the majority

relies in part on the fact that the statute operates as a waiver of sovereign immunity, a jurisdictional issue, to conclude that the service deadline was intended to do more than promote "the proper, orderly and prompt conduct of business." Based on the nature and objective of the statute, I disagree.

The purpose of service of citation generally is to give the court jurisdiction over the parties and to provide notice to the defendant that it has been sued. *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). Notice by service thereby gives the defendant a chance to answer and defend the lawsuit.[1] *Id*. There is no indication that the legislature intended for service of citation to promote a purpose other than notice of the suit against the Commission. By including a statutory deadline in which to effectuate service, the legislature has indicated an intention to minimize delays in service beyond thirty days. Because the deadline concerns prompt notice and the quick resolution of judicial review, it thereby serves to promote the "proper, orderly, and prompt conduct of business." *Chisholm*, 287 S.W.2d at 945. Accordingly, I would conclude that the service deadline presented in subsection 361.321(c) is directory.

A conclusion that the service deadline is directory is especially compelling when we consider the consequences of the interpretation urged by the majority. Under the majority's interpretation, *any* delay in service of citation for *any* reason would result in dismissal of the case. This result is particularly harsh given the relatively short deadline for service and the fact that service may be delayed by circumstances outside the control of the plaintiff. *Cf. Texas Dep't of Pub. Safety*

---

[1] In contrast, filing deadlines, such as the deadline to file a petition set forth in subsection 361.321(c), seek to set a time limit on a party's ability to invoke the court's subject-matter jurisdiction over the controversy. *See* Tex. Health & Safety Code Ann. § 361.321(c) (West 2010); *Hughes v. Atlantic Ref. Co.*, 424 S.W.2d 622, 625 (Tex. 1968).

*v. Guerra*, 970 S.W.2d 645, 649 (holding that statutory requirement that hearing be held within forty days is directory, and noting that it would be unreasonable to punish plaintiff for acts that are not within its control). I do not believe that the service deadline was "intended to create a procedural trap allowing the [Commission] to obtain dismissal" when service has been diligently pursued and the Commission has not been prejudiced by the delay. *See Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 926-27 (Tex. 2011) (explaining that noncompliance with statutory requirement that notice must be mailed to county officials within 30 days of filing of suit did not require dismissal when notice was instead hand-delivered, despite provision requiring dismissal for failure to give notice "as required").

Having determined that the service deadline is directory, we next determine the proper consequences for TJFA's failure to strictly comply.[2] *See Texas Dep't of Pub. Safety v. Dear*, 999 S.W.2d 148, 152 (Tex. App.—Austin 1999, no pet.) (noting that when statute is directory, if "act is performed, but not in the time or in the precise mode indicated, it will be still be sufficient,

---

[2] Even assuming that subsection 361.321(c)'s service deadline is mandatory, I disagree that the appropriate consequence for noncompliance is necessarily dismissal of the suit. While the failure to comply with a nonjurisdictional requirement mandated by statute may result in the loss of a claim, the Texas Supreme Court has recognized that noncompliance with a mandatory statutory requirement does not necessarily require dismissal in all cases. *See University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 360 (Tex. 2003) ("The failure of a non-jurisdictional requirement mandated by statute may result in the loss of a claim . . . ."); *but see Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961-62 (Tex. 1999) (noting that failure to comply with mandatory notice provision under worker's compensation law did not require dismissal of action for judicial review); *Hines v. Hash*, 843 S.W.2d 464, 468-69 (Tex. 1992) (noting that purpose of mandatory, presuit notice requirement under deceptive trade practices act does not require dismissal of plaintiff's action when notice is untimely); *State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex. 1992) (holding that failure to hold forfeiture case hearing within statutorily required 30-day period did not require dismissal, explaining "[T]he issue is not whether 'shall' is mandatory, but what consequences follow a failure to comply.").

4

if that which is done accomplishes the substantial purpose of the statute"); *cf. Reese v. Duncan*, 80 S.W.3d 650, 658 (Tex. App.—Dallas 2002, pet. denied) (noting that when statute is mandatory whether there was substantial compliance is not relevant). When, as in this case, a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences. *Helena Chem. Co*, 47 S.W.3d at 494; *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992).

A similar issue, regarding the proper consequences for noncompliance with a statutory notice requirement, was recently addressed by the Texas Supreme Court in *Roccaforte v. Jefferson County*, 341 S.W.3d at 926-27. In that case, the supreme court held that the plaintiff's failure to deliver notice of suit to county officials by mail, an express statutory requirement, did not require dismissal of the suit against the county.[3] *Id*. Instead, the court recognized that the purpose of the notice provision was to ensure that "county officials are made aware of pending suits, allowing the county to answer and defend the case," and that this purpose was served where the plaintiff gave notice to county officials by hand delivery. *Id*.

As previously discussed, the purpose of the statute in this case is to allow for the review of Commission decisions, while the purpose of the service deadline set forth in subsection 361.321(c) is to ensure that the Commission receives prompt notice of the suit so that it may answer and prepare a defense. The statute does not indicate that termination of the plaintiff's substantive

---

[3] The statutory provision at issue in *Roccaforte v. Jefferson County*, section 89.0041 of the local government code, also provides that "[i]f a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official." 341 S.W.3d 919, 925 (Tex. 2011); *see* Tex. Loc. Gov't Code Ann. § 89.0041(c) (West 2008).

rights for late service is required or that the purpose of the service deadline is best served by such termination. *See State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex. 1992) ("If the Legislature had intended dismissal to be the consequence of a failure to hear a forfeiture case within the prescribed period, it could easily have said so . . . ."). Instead, like *Roccaforte*, the substantial purpose of the statute may be accomplished without requiring automatic dismissal of the suit.

It is undisputed that TJFA timely filed suit for judicial review and that notice of the suit was e-mailed to the Commission the same day. Thus, the Commission had actual notice of TJFA's suit, enabling it to answer and prepare a defense. Further, while service was formally effected eleven days after the deadline, TJFA presented evidence that its failure to effect service sooner was due to a misunderstanding on the part of trial counsel and a possible error by the district clerk. Specifically, TJFA presented evidence that counsel for TJFA incorrectly believed that electronic filing would also accomplish service of the citation and that it did not "receive[] notice of the Original Petition's readiness for service via First Class mail" until the statutory deadline for service had already passed.[4] Upon learning that the Commission had not received service of citation, TJFA immediately effected formal service.

Under these circumstances, I would conclude that TJFA substantially complied with the service deadline set forth in subsection 361.321(c), such that the substantial purpose of the statutory deadline was met and the Commission was not prejudiced as a result of the delay. *See*

---

[4] In *Police Civil Service Commission v. Gutierrez*, this Court recognized that late service of citation in a suit for judicial review of an administrative decision does not necessarily result in dismissal of the suit. 182 S.W.3d 430, 432 (Tex. App.—Austin 2005, no pet.). Instead, we held that the date of service of citation relates back to the date of plaintiff's filing suit for judicial review, and thus is timely, when the plaintiff exercises due diligence in effecting service. *Id*.

6

*Roccaforte*, 341 S.W.3d at 926.  Accordingly, I would reverse the trial court's judgment granting the Commission's motion to dismiss and remand this cause to the trial court for further proceedings consistent with this opinion.

 

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear, Pemberton, Henson, Rose and Goodwin

Filed:   May 4, 2012